**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Serguei Silaev,<br><br>  Plaintiff,<br><br>v.<br><br>Swiss-America Trading Corporation,<br><br>  Defendant. | No. CV-14-02551-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant's "Rule 12(b)(6) Motion to Dismiss Three Counts of [Plaintiff's] First Amended Complaint." (Doc. 15). These three counts include: (1) Defendant's violation of the Arizona Consumer Fraud Act ("ACFA"), (2) conspiracy, and (3) breach of fiduciary duty. The Court now rules on the motion.

**I.   Background**

  **a.   Procedural History**

Plaintiff initially filed a complaint in Arizona superior court on October 15, 2014. (Doc. 1, Exh. A at 13). The case was removed by Defendant to the U.S. District Court for the District of Arizona on November 18, 2014. (Doc. 1). Plaintiff's initial complaint was deficient and Plaintiff filed an amended complaint on December 29, 2014. (Doc. 13). On January 12, 2015, Defendant filed a motion pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss three counts in Plaintiff's amended complaint. (Doc. 15). Plaintiff failed to respond to Defendant's motion to dismiss.

### b. Factual History

Defendant has bought and sold U.S. gold and silver coins for over thirty-two years. (Doc. 13 at 2, ¶ 3). Plaintiff contracted with Defendant to make such purchases and sales. (Doc. 13 at 3, ¶¶ 5–6). Plaintiff contends in his amended complaint that Defendant intentionally deceived Defendant into purchasing thousands of dollars of "allegedly rare coins." (Doc. 13 at 3, ¶ 5). Plaintiff states that Defendant used "boiler room" sales tactics as a company-wide scheme on unsuspecting customers such as the Plaintiff, and Defendant "employed misleading selling points and unscrupulous sales tactics" so that Plaintiff would "rely on such misrepresentations and purchase large amounts of coins from Defendant." (Doc. 13 at 3–4, ¶¶ 6–7). Defendant allegedly offered Plaintiff a "money back guarantee" if Plaintiff did not "realize his initial investment," and later "disavow[ed] the guarantee." (Doc. 13 at 4, ¶ 8). Defendant also allegedly advised Plaintiff to take his money out of "more secure investment vehicles" and to use this money to purchase rare coins knowing the coins "did not possess the high values advertised by Defendant." (Doc. 13 at 5, ¶ 11).

On these allegations, Plaintiff asserts six counts numbered as follows: (1) violation of the Arizona Consumer Fraud Act, (2) breach of contract, (3) "fraud, negligent misrepresentation, fraudulent inducement and negligence," (4) conspiracy, (5) breach of fiduciary duty, and (6) breach of warranty. (Doc. 13 at 6–11). Defendant moves to dismiss the first, fourth and fifth counts above. (Doc. 15 at 1).

## II. Discussion

Defendant moves to dismiss pursuant to Rule 12(b)(6) count one for violation of the ACFA, count four for conspiracy, and count five for breach of fiduciary duty. (Doc. 15 at 1). All three counts are discussed below.

The Court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a Rule 12(b)(6) motion for failure to state a claim, a

complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*. Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95(3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the

facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### a. Count Four: Conspiracy

Defendant moves to dismiss count four for conspiracy pursuant to Rule 12(b)(6) because Plaintiff did not plead sufficient facts on the face of the complaint to state a claim.

"For a civil conspiracy to occur two or more people must agree to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 36, ¶ 99 (Ariz. 2002) (quoting *Rowland v. Union Hills Country Club*, 757 P.2d 105, 110 (Ariz. 1988)). Put differently, "liability for civil conspiracy requires that two or more individuals agree . . . ." *Id.* (citations omitted). In the complaint, Plaintiff names only one defendant and fails to explain how Defendant can conspire with itself. Plaintiff states in the complaint that "[t]hrough a meeting of the minds, Defendant conspired to collectively carry out the following . . . ." (Doc. 13 at 9, ¶ 30). Furthermore, throughout the complaint Plaintiff states "Defendant," which refers to one rather than multiple. (Doc. 13 at 9, ¶¶ 30–31). As stated above, Defendant cannot conspire with itself.[1] Therefore, even after drawing all reasonable inferences in Plaintiff's favor and accepting the allegations as true, count four for conspiracy is dismissed due to insufficient alleged facts to support a claim for conspiracy.

---

[1] As far as Plaintiff intends this conspiracy to occur between agents of the corporation, Plaintiff has not alleged in the complaint that the individuals of the corporation are acting for their individual advantage and not in their official capacities on behalf of the corporation. *See Perry v. Apache Junction Elementary School Dist. No. 43 Bd. of Trustees*, 514 P.2d 514, 517 (Ariz. Ct. App. 1973) ("It has been held that agents and employees of a corporation cannot conspire with their corporate principal or employer when acting in their official capacities on behalf of the corporation and not as individuals for their individual advantage.").

### b. Count Five: Breach of Fiduciary Duty

Defendant moves to dismiss count five for breach of fiduciary duty pursuant to Rule 12(b)(6) because Plaintiff offers no factual support that a fiduciary duty exists, and therefore, fails to state a claim.

The Arizona court of appeals nicely summarized what a fiduciary relationship entails when they stated:

> Our case law distinguishes a fiduciary relationship from an arm's length relationship. Mere trust in another's competence or integrity does not suffice; 'peculiar reliance in the trustworthiness of another' is required. A fiduciary relationship is a confidential relationship whose attributes include great intimacy, disclosure of secrets, [or] intrusting of power. In a fiduciary relationship, the fiduciary holds 'superiority of position' over the beneficiary. This superiority of position may be demonstrated in material aspects of the transaction at issue by a 'substitution of [the fiduciary's] will.'

*Standard Chartered PLC v. Price Waterhouse*, 945 P.2d 317, 335 (Ariz. Ct. App. 1996) (internal citations omitted).

Plaintiff alleges in his complaint that "Defendant owed a fiduciary duty to Plaintiff, including a duty of good faith and fair dealing." (Doc. 13 at 10, ¶ 33). However, Plaintiff fails to offer supporting allegations in the complaint beyond this conclusory statement. *See Twombly*, 550 U.S. at 555 (internal citations omitted) (The pleader's obligation to provide the grounds for relief requires "more than labels and conclusions."). Plaintiff later states in his complaint that "Plaintiff placed in Defendant a significant level of trust and confidence, as the Defendant represented themselves to be experts within the coin industry." (Doc. 13 at 10–11, ¶ 34). However, Plaintiff fails to state why he placed such trust and confidence in Defendant besides Defendant's alleged expertise in the coin industry, and "mere trust in another's competence or integrity does not suffice" to establish a fiduciary relationship. *Standard Chartered PLC*, 945 P.2d at 335.

While Plaintiff and Defendant did enter into a contract to buy and sell coins, a commercial contract also does not create a fiduciary relationship. *Urias v. PCS Health Systems, Inc.*, 118 P.3d 29, 35 ¶ 32 (Ariz. Ct. App. 2005) ("A commercial contract

- 5 -

creates a fiduciary relationship only when one party agrees to serve in a fiduciary capacity."). Plaintiff has alleged nothing in the complaint that makes this relationship anything more than an "arm's length" relationship; a relationship that does not involve "great intimacy, disclosure of secrets, [or] intrusting of power." *Standard Chartered PLC*, 945 P.2d at 335 (quoting Rhoads v. Harvey Publ'ns, Inc., 700 P.2d 840, 847 (Ariz. Ct. App. 1984). Therefore, Plaintiff has failed to sufficiently allege a breach of a fiduciary duty.[2]

### c. Count One: Violation of the Arizona Consumer Fraud Act

Defendant moves to dismiss count one for violation of the ACFA as being time barred. Although Defendant moves to dismiss pursuant to Rule 12(b)(6), the Court interprets the dismissal of this count as being pursuant to Rule 12(b)(1). *See Sisseton-Wahepton Oyate of Lake Traverse Reservation v. U.S. Corps. of Eng'rs*, 918 F. Supp. 2d 962, 967 (D.S.D. 2013) ("the statute of limitations is a jurisdictional limit"); *see also St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) ("Like other challenges to a court's subject matter jurisdiction, motions raising the ripeness issue are treated as brought under Rule 12(b)(1) even if improperly identified by the moving party as brought under Rule 12(b)(6).").

The defense of lack of subject matter jurisdiction may be raised at any time by the parties or the court. *See* Fed. R. Civ. P. 12(h)(3). A Rule 12(b)(1) motion to dismiss "for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction

---

[2] Plaintiff also mentions a breach of a "duty of good faith and fair dealing" with his "breach of fiduciary duty" cause of action. (Doc. 13 at 10, ¶ 33). A duty of good faith and fair dealing may be brought as an action in contract or in tort. *Burkons v. Ticor Title Ins. Co. of Cal.*, 813 P.2d 710, 720 (Ariz. 1991) (noting the distinction between the duty brought in contract versus in tort). The Court interprets Plaintiff's duty of good faith and fair dealing as being brought in tort because Plaintiff, by including this duty under his "breach of fiduciary duty" cause of action, implies that this duty derives from the alleged fiduciary duty. Also, a duty of good faith and fair dealing in tort requires that "there is a special relationship between the parties arising from elements of public interest, adhesion, and fiduciary responsibility." *Id.* However, as stated above, Plaintiff has not sufficiently alleged a special relationship that compels imposition of a fiduciary duty on Defendant. Thus, the duty of good faith and fair dealing, as far as it applies to a breach of fiduciary duty, has not been sufficiently alleged.

in fact." *Thornhill Publ'g Co. v. Gen. Tel. & Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979). Here, it appears that Defendant makes a facial attack because his brief examines whether the ACFA cause of action is time barred on the face of the complaint. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Authority*, 132 S. Ct. 1702 (U.S. 2012); (Doc. 15 at 5). In resolving a "facial attack" under Rule 12(b)(1), the district court must accept the allegations of the complaint as true, *see Valdez v. United States*, 837 F. Supp. 1065, 1067 (E.D. Cal. 1993), *aff'd*, *Valdez v. United States*, 56 F.3d 1177 (9th Cir. 1995), and "draw all reasonable inferences in [the Plaintiff's] favor," *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (citing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)); *see also Jetform Corp. v. Unisys Corp.*, 11 F. Supp. 2d 788, 789 (E.D. Va. 1998) ("The plaintiff is then afforded the same procedural protection as he would receive under Rule 12(b)(6) consideration.").

Here, the ACFA's statute of limitations is "within one year after the cause of action accrues, and not afterward." A.R.S. § 12-541. The cause of action accrues when "the plaintiff knows or should have known of both the what and who elements of causation." *Alaface v. Nat'l Inv. Co.*, 892 P.2d 1375, 1379 (Ariz. Ct. App. 1994). Plaintiff states in his amended complaint that he pleads the "Discovery Rule." (Doc. 13 at ¶ 14). Through this rule, Plaintiff maintains "since this litigation began, that it was not until *within 12 to 24 months of filing the original lawsuit* that he became aware as to the nature of Defendant's conduct . . . ." (*Id.*) (emphasis added). The Court interprets this statement to mean that Plaintiff became aware of Defendant's conduct violating the ACFA between one to two years before the filing of the original complaint in this lawsuit. In other words, Plaintiff pleads that his original complaint was filed more than one year after the accrual of his alleged cause of action for violation of the ACFA. Therefore, even after accepting the allegations as true and drawing all reasonable inferences in the Plaintiff's favor, count one for violation of the ACFA is time barred.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendant's partial motion to dismiss (Doc. 15) is **GRANTED**; counts one, four, and five are dismissed without prejudice.

Dated this 31st day of March, 2015.

James A. Teilborg
Senior United States District Judge