**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Kraig J. Marton (003816)
kjm@jaburgwilk.com
Mark D. Bogard (018247)
mdb@jaburgwilk.com

Attorneys for Defendant Swiss-America Trading Corp.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Serguei Silaev,<br><br>  Plaintiff,<br><br>v.<br><br>Swiss-America Trading Corp.,<br><br>  Defendant. | Case No. 2:14-cv-02551-JAT<br><br>**STIPULATED MOTION TO TRANSFER AND CONSOLIDATE FOR DISCOVERY AND DISCLOSURE PURPOSES, WITH SEPARATE TRIALS AND MOTION PRACTICE, CASE NOS. 2:14-CV-02551-JAT, 2:14-CV-02552-ROS, AND 2:14-CV-02553-HRH**<br><br>(Assigned to the Hon. James A. Teilborg) |
| Philip and Tonya Mann,<br><br>  Plaintiffs,<br><br>v.<br><br>Swiss-America Trading Corp.,<br><br>  Defendant. | Case No. 2:14-cv-02552-ROS<br><br>(Assigned to the Hon. Roslyn O. Silver) |
| Doris Christopherson,<br><br>  Plaintiff,<br><br>v.<br><br>Swiss-America Trading Corp.,<br><br>  Defendant. | Case No. 2:14-cv-02553-HRH<br><br>(Assigned to the Hon. H. Russel Holland) |

13410-13410-00003\MDB\SLD\1538964.1

Pursuant to LRCiv 42.1 and Federal Rules of Civil Procedure 42(a), all parties captioned above hereby stipulate and move to transfer and consolidate—for discovery and disclosure purposes only—the following two related cases with the instant action *Serguei Silaev v. Swiss-America Trading Corp.* 2:14-cv-02552-JAT ("Lawsuit 1"):

- *Philip and Tonya Mann v. Swiss-America Trading Corp.*, 2:14-cv-02552-ROS ("Lawsuit 2"); and,
- *Doris Christopherson v. Swiss-America Trading Corp.*, 2:14-cv-02553-HRH ("Lawsuit 3").

Assuming the Court agrees that transfer and consolidation are appropriate and that Judge James A. Teilborg will preside over all three matters, the parties further stipulate and move pursuant to Federal Rules of Civil Procedure 42(b) to maintain separate trials and motion practice to avoid prejudice.

This stipulation is supported by the following Memorandum.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    BACKGROUND**

In all three lawsuits, Plaintiffs are represented by the same legal counsel, and Defendant Swiss-America Trading Corp. is represented by the same legal counsel. On October 15, 2014, Plaintiffs' counsel filed all three lawsuits in the Arizona Superior Court, Maricopa County. The three lawsuits were identical except for the identified Plaintiffs, and all three were timely removed to U.S. District Court, District of Arizona. The instant action, Lawsuit 1, was assigned the lowest case number.

The three original lawsuits generally allege that Defendant sold certain numismatic coins to Plaintiffs under various misrepresentations and misleading sales tactics concerning quality, rarity, and value of the coins, and that Defendant did not honor a purported money back guarantee if Plaintiffs did not realize their initial investment. On these allegations, the three original lawsuits assert the following six counts: (I) violation of Arizona Consumer Fraud Act; (II) breach of contract; (III)

2

1 "fraud, negligent misrepresentation, fraudulent inducement, & negligence"; (IV)
2 conspiracy; (V) breach of fiduciary duty; and, (VI) breach of warranty.

3 After preliminary discussions between counsel, Plaintiffs filed a First Amended
4 Complaint in all three lawsuits. All three First Amended Complaints were substantially
5 similar and continued to assert the same six counts from the original complaints.

6 Defendant filed partial motions to dismiss in all three lawsuits, which were
7 granted. The remaining claims for Lawsuits 1 and 2 are breach of contract (originally
8 count II), "fraud, negligent misrepresentation, fraudulent inducement, & negligence"
9 (originally count III), and breach of warranty (originally count VI). The remaining
10 claims for Lawsuit 3 are breach of contract (originally count II) and breach of warranty
11 (originally count VI).

12 To avoid or minimize unnecessary costs, delays, and potentially different
13 conclusions on common allegations and substantially similar questions of law, the
14 parties have agreed to transfer Lawsuits 2 and 3 to Judge Teilborg and consolidate those
15 matters—for discovery and disclosure purposes only—with Lawsuit 1 already before
16 Judge Teilborg. To avoid prejudice, the parties further agree to separate trials and
17 motion practice before Judge Teilborg for all three lawsuits.

18 **II. LEGAL ARGUMENT**

19     **A. Consolidation and Transfer are Appropriate Here**

20 The District of Arizona court has observed that "[t]he standard for transfer
21 [pursuant to LRCiv 42.1] is similar to the standard for consolidation under Rule 42(a) . . .
22 . and district courts have broad discretion in determining whether to grant such
23 motions." *Pangerl v. Ehrlich*, 2007 WL 686703, at *2 (D. Ariz.2007) (citing *Investors
24 Research Co. v. U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777, (9th Cir.
25 1989)).

26 Pursuant to Rule 42(a), Fed.R.Civ.P., consolidation is appropriate "[i]f actions
27 before the court involve a common question of law or fact," particularly where
28 consolidation will help "avoid unnecessary cost or delay." Rule 42(a)(3). Case law also

3

1 recognizes additional factors supporting consolidation, such as where consolidation will 2 likely result in greater convenience for the parties and court, and where the cases 3 involve the same counsel. *American Postal Workers Union v. U.S. Postal Service*, 422 4 F.Supp.2d 240 (D. D.C.2006); *Johnson v. Celotex Corp.*, 899 F.2d 1281 (C.A.2 (N.Y.) 5 1990), certiorari denied 111 S.Ct. 297, 498 U.S. 920, 112 L.Ed.2d 250; *Gonzalez-Quiles* 6 *v. Cooperativa De Ahorro Y Credito De Isabela*, 250 F.R.D. 91 (D. Puerto Rico 2007).

7 Under Local Rule 42.1, cases pending before different Judges may be transferred 8 to a single Judge when such cases:

> . . . (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges.

11 LRCiv 42.1(a).  The subparts of 42.1(a) are disjunctive; only one subpart need be shown 12 for a transfer to be proper. *Gagan v. Estate of Sharar*, 2:99-1427-PHX-RCB, 2008 WL 13 2810978, at *2 (D. Ariz. 2008).

14 LRCiv 42.1(d) provides factors that may be considered when determining the 15 Judge to whom the case should be transferred. Id., 2008 WL 2810978, at *3. These 16 factors include "(1) whether substantive matters have been considered in a case; (2) 17 which Judge has the most familiarity with the issues involved in the cases; (3) whether a 18 case is reasonably viewed as the lead or principal case; or (4) any other factor serving 19 the interest of judicial economy." LRCiv 42.1(d).

20 Here, the parties stipulate that the three lawsuits involve common questions of 21 law and fact, call for determination of substantially the same questions of law, and 22 would entail duplication of labor and potentially different conclusions if heard by 23 different Judges. The parties further stipulate that consolidation and transfer will likely 24 result in greater convenience for the parties and court, particularly here where Plaintiffs 25 and Defendant, respectively, are represented by the same counsel in each lawsuit.

26 The parties further stipulate that consolidation and transfer to Judge Teilborg is 27 appropriate here because he has considered as many or more substantive matters as have 28 been considered in the other two lawsuits, he has as much or more familiarity with the

issues in the cases, he is presiding over the case with the lowest case number, and consolidation and transfer to Judge Teilborg will serve the interests of judicial economy.

### B. Separate Trials and Motion Practice will Avoid Prejudice

Plaintiffs have requested trial by jury in all three lawsuits. Pursuant to Rule 42(b), Fed.R.Civ.P., "to avoid prejudice . . . the court may order a separate trial . . . ." Defendant's agreement to consolidate and transfer is conditioned on limiting consolidation to discovery and disclosure purposes while maintaining separate trials and motion practice under each matter. The reason for this condition is to avoid prejudice to Defendant's ability (1) to fully present its defenses in anticipated dispositive motions in regard to each lawsuit and (2) to present its defenses to a jury without the bias of cumulative Plaintiffs asserting redundant claims.

Accordingly, the parties further stipulate and move for the consolidation and transfer requested here to be limited to discovery and disclosure purposes while maintaining separate trials and motion practice for each of the three lawsuits.

### III. CONCLUSION

Consolidation and transfer here will avoid or minimize unnecessary costs, delays, and potentially different conclusions on common allegations and substantially similar questions of law, and will likely result in greater convenience and improved economy for the parties and the Court. Further, prejudice will be avoided by limiting consolidation to discovery and disclosure matters, and preserving separate trials and motion practice.

For these reasons, the parties respectfully request the Court to enter the accompanying proposed form of Order granting the requested consolidation and transfer before Judge Teilborg.

/ / / /

/ / / /

/ / / /

/ / / /

5

1     DATED this 2nd day of July, 2015.

2  JABURG & WILK, P.C.                  THE VOSS LAW FIRM, PC

3

4  /s/ Mark D. Bogard                  /s/ Scott G. Hunziker

5  Kraig J. Marton                       Scott G. Hunziker, Esq.
   Mark D. Bogard                       26619 Interstate 45
6  Attorneys for Defendant Swiss-America    The Woodlands, Texas 77380
7  Trading Corp.                        Attorneys for Plaintiff

8

9                           *Certificate of Service*

10 I hereby certify that on this 2nd day of July, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the below CM/ECF registrants.

Pursuant to Rule 42.1(b), the ECF System will electronically file this motion in each affected case identified in the motion.

Scott G. Hunziker, Esq.
M. Shane Thompson, Esq.
THE VOSS LAW FIRM, PC
The Voss Law Center
26619 Interstate 45
The Woodlands, Texas 77380
scott@vosslawfirm.com
Attorneys for Plaintiff


/s/ Stephanie Dolfini