**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Serguei Silaev, | No. CV-14-02551-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Swiss-America Trading Corporation, | |
| Defendant. | |

Pending before the Court is Defendant Swiss-America Trading Corporation's Stipulated Motion to Transfer and Consolidate. (Doc. 35).

This Motion concerns three different removed cases currently pending in the District of Arizona. (Doc. 35). The first, *Silaev v. Swiss-America Trading Corp.*, is before this Court. (*Id.* at 1). The second, *Mann v. Swiss-America Trading Corp.*, is before Judge Silver. (*Id.*). The third, *Christopherson v. Swiss-America Trading Corp.*, is before Judge Holland. (*Id.*). "In all three lawsuits, Plaintiffs are represented by the same legal counsel, and Defendant Swiss-America Trading Corp. is represented by the same legal counsel." (*Id.* at 2).

All three cases concern Defendant allegedly selling coins to Plaintiffs "under various misrepresentations and misleading sales tactics concerning quality, rarity, and value of the coins. (*Id.*). Additionally, Plaintiffs allege that "Defendant did not honor a purported money back guarantee if Plaintiffs did not realize their initial investment." (*Id.*).

Defendant filed partial motions to dismiss in all three lawsuits, which were granted. (*Id.*). In the present case and in *Mann*, the remaining claims are: breach of contract; "fraud, negligent misrepresentation, fraudulent inducement, & negligence"; and breach of warranty. (*Id.* at 3). In *Christopherson*, the remaining claims are breach of contract and breach of warranty. (*Id.*).

The parties stipulate that consolidation is necessary to "avoid or minimize unnecessary costs, delays, and potentially different conclusions on common allegations and substantially similar questions of law." (*Id.*). As such, they stipulate that the case should be consolidated before this Court for all purposes except motion practice and trial. (*Id.* at 5).

"If actions before the [C]ourt involve a common question of law or fact, the [C]ourt may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The Court has broad discretion "under this rule to consolidate cases pending in the same district." *In'rs Research Co. v. United States Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). To make this discretionary decision, the Court "weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp 805, 807 (N.D. Cal. 1989). Consolidation is inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *Garcia v. Bana*, No. C 11–02047 LB, 2012 WL 2119157, at *11 (N.D. Cal. June 9, 2012) (internal quotation marks omitted) (quoting *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998)).

The parties in this case have made stipulations, which by their very nature are conclusory. Given this Court's wide degree of discretion, the Court elects to evaluate the issue of judicial convenience *de novo*.

The Court disagrees with the parties' stipulation that consolidation "will likely result in greater convenience for the parties and court." (Doc. 35 at 4). The factual determinations to be made in each case will be mostly unrelated. The sole commonalities

in this case are the Defendant, the products sold, and counsel. The Plaintiffs are all different individuals, who made purchases from different states at different times. (Doc. 13 at 2); Plaintiff's First Amendment Complaint at 3, *Mann v. Swiss-America Trading Corp.*, No. CV−14−2552−PHX−ROS (D. Ariz. Dec. 23, 2014) (Doc. 12); Plaintiff's First Amended Complaint at 1, *Christopherson v. Swiss-America Trading Corp.*, No. CV−14−2553−PHX−HRH (D. Ariz. Jan. 22, 2015) (Doc. 17). While there are certain parallels between the cases, the distinct nature of each action belies the notion that judicial economy will best be served by consolidation. Rather, forcing together actions where distinct and significant issues must be determined would serve to mire each case in the intricacies of the others.

Additionally, the attorneys implicitly acknowledge this unrelatedness by asking the Court to refrain from consolidating dispositive motions and trial. (*Id.* at 5). They assert that such consolidation will hinder "Defendant's ability . . . to fully present its defenses in anticipated dispositive motions in regard to each lawsuit." (*Id.*). The fact that Defendant will have various defenses for each particular case underscores the unique character of each action. Accordingly, because grouping these actions would frustrate judicial economy, the Court denies the Motion to Consolidate.

Because the Court has not granted consolidation, it does not independently reach the issue of whether transfer is appropriate.

Accordingly,

**IT IS ORDERED** that Defendant's Stipulated Motion to Transfer and Consolidate, (Doc. 35), is **DENIED**.

**IT IS FURTHER ORDERED** that a copy of this Order be filed in Case Nos. CV−14−2551−PHX−JAT, CV−14−2552−PHX−ROS, and CV−14−2553−PHX−HRH.

Dated this 21st day of July, 2015.

James A. Teilborg
Senior United States District Judge