WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Serguei Silaev,<br><br>                    Plaintiff,<br><br>v.<br><br>Swiss-America Trading Corporation,<br><br>                    Defendant. | No. CV-14-02551-PHX-JAT<br><br>**ORDER** |

Pending before the Court are Defendant Swiss-America Trading Corporation's ("Defendant") motion for attorney fees and nontaxable costs (Doc. 54) and motion for sanctions (Doc. 55). Also pending before the Court is Plaintiff Serguei Silaev's ("Plaintiff") motion to alter or amend the judgment (Doc. 58). The Court now rules on the motions.

**I.    Background**

The facts of this case are explained in detail in this Court's order granting summary judgment (Doc. 50 at 2–3), and it will not recite them here. It is sufficient to note that Plaintiff filed suit against Defendant, a dealer of numismatic and precious metal coins, after Plaintiff's investment in coins proved unsuccessful. Plaintiff alleged that Defendant committed fraud, breach of contract, negligent misrepresentation, and breach of warranty involving several sales of coin-based investments. (Doc. 23 at 2).

Defendant moved for summary judgment, which this Court granted in Defendant's favor. (Doc. 50 at 18). In its order, this Court explained that Plaintiff's response to

Defendant's summary judgment motion was insufficient and failed to comply with the local rules governing summary judgment filings. (Doc. 50 at 5). Plaintiff filed no controverting statement of facts as required by Local Rule of Civil Procedure 56.1(b), and his opposition to Defendant's motion was unsupported by legal authority. (Doc. 50 at 5–6). This Court nevertheless expanded its analysis on summary judgment to consider the affidavit and deposition testimony provided by Plaintiff. Even in so doing, Plaintiff was unable to provide enough factual support for his claims to survive summary judgment. (Doc. 50 at 13–16). The Court found that Plaintiff had not proven the existence of a genuine issue of material fact, and granted judgment in favor of Defendant. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Defendant then filed a motion for attorney fees (Doc. 54) and a motion for sanctions against Plaintiff (Doc. 55), and Plaintiff filed a motion requesting this Court alter or amend the its summary judgment order under Rule 59 (Doc. 58).[1]

## II.     Motion to Alter or Amend the Judgment

First, the Court considers Plaintiff's motion under Federal Rule of Civil Procedure ("Rule") 59, asking the Court to vacate the summary judgment ruling on Plaintiff's claims for fraud and negligent misrepresentation.[2] (Doc. 58). This Court may grant a Rule 59 motion if (1) it is "presented with newly discovered evidence," (2) it "committed clear error or the initial decision was manifestly unjust," or (3) there has been "an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 59 relief is an "extraordinary remedy," and should be granted only when the Court is left with a firm conviction that a mistake was made. *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013).

---

[1] Plaintiff's motion also purports to act as a "notice of appeal" in the event that the Court denies its motion to amend the judgment. (Doc. 58 at 42). After filing the motion, however, Plaintiff also filed a separate notice of appeal. (Doc. 59). The appeal is currently pending under Ninth Circuit case number 16-16812.

[2] Plaintiff did not include this Court's rulings on his breach of contract and breach of warranty claims in his motion to alter the judgment. (Doc. 58 at 2 n.2).

- 2 -

Plaintiff asserts that newly discovered evidence should compel this Court to conclude it was error to grant judgment in Defendant's favor. (Doc. 58 at 3). The "evidence" on which Plaintiff's motion relies includes a formal declaration of counsel and Plaintiff's May 24, 2016 affidavit. (Doc. 58 at 4). Neither of these documents, however, contains newly discovered evidence. First, the declaration of counsel is not evidence at all; it is merely an explanation as to why Plaintiff's counsel failed to comply with Local Rule 56.1 and a list of reasons why this Court should now accept his untimely attempt at filing a controverting statement of facts. *See* L.R. Civ. P. 56.1(b). (Doc. 58-2; *see also* Doc. 50 at 5–7). Second, Plaintiff's affidavit is not newly discovered. Despite counsel's prior failure to properly file a controverting statement of facts, this Court independently expanded its summary judgment analysis to include evidence contained in the May 24, 2016 affidavit.[3] (*See* Doc. 50 at 6–7, 9, 10, 12, 14). Plaintiff's motion is therefore unsupported by any newly discovered (or previously unconsidered) evidence.

Moreover, Plaintiff's motion advances no cognizable legal argument as to why the Court's summary judgment ruling was error. Each of Plaintiff's objections to Defendant's statements is based on a contrary statement Plaintiff made in either his affidavit or his deposition. But as noted above, this Court already considered Plaintiff's statements in its ruling on summary judgment. Rule 59 motions may not be used to raise arguments already made, or to present arguments that could have been made at an earlier stage in the litigation. *Kona Enter.*, 229 F.3d at 890. Accordingly, Plaintiff's motion fails because it advances no new legal argument, but merely repeats the arguments made in Plaintiff's response in opposition to summary judgment — arguments this Court has already considered and rejected. (*See* Doc. 50).

**III. Motions for Sanctions and Attorneys' Fees**

This Court's order granting summary judgment directed Defendant to file a motion to recover fees and costs under whatever theory Defendant deemed appropriate.

---

[3] This Court's summary judgment ruling also took into consideration Plaintiff's deposition testimony. (Doc. 50 at 8, 9 n.7, 12, 16).

- 3 -

(*See* Doc. 50 at 18). In compliance with that directive, Defendant filed a timely motion for attorney's fees and non-taxable expenses (Doc. 54) and a motion for sanctions (Doc. 55).

### A. Rule 11 Sanctions

First, the Court turns to Defendant's motion for attorneys' fees sanctions against Plaintiff's counsel ("Counsel") for violating Rule 11 of the Federal Rules of Civil Procedure. Sanctions are justified under Rule 11 "when a filing is frivolous, legally unreasonable, or without factual foundation, or brought for an improper purpose." *Estate of Blue v. Cnty. of L.A.*, 120 F.3d 982, 985 (9th Cir. 1997). A filing is frivolous if it is "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). The purpose of Rule 11 is to promote judicial economy by deterring baseless filings, thereby "streamlin[ing] the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

Defendant asserts that Counsel filed a frivolous complaint asserting "baseless claims that were shown to have been made without any reasonable inquiry into the facts." (Doc. 55 at 7).[4] Defendant also argues that, had Counsel conducted a reasonable and competent factual investigation of Plaintiff's claims, he would have known that they had no legal or factual basis. But even if this Court were to agree with Defendant, a motion requesting attorneys' fees under Rule 11 "cannot be served after the district court has decided the merits of the underlying dispute giving rise to the questionable filing." *Islamic Shura Council of So. Cal. v. FBI*, 757 F.3d 870, 873 (9th Cir. 2014); *see also* Advisory Committee's Notes to the 1993 Amendments to Rule 11 (explaining that a

---

[4] Defendant also highlights Counsel's actions at other points in these proceedings, including failing to inform Plaintiff of a compromise offer, failing to respond to Defendant's motion to dismiss, and failing to comply with the discovery deadlines set forth by the Scheduling Order. (Doc. 55 at 6–7, 9). Because Rule 11 applies only to filings and not to conduct or oral representations, the Court will consider only Counsel's filings for the purpose of determining whether sanctions are warranted under Rule 11. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) (explaining that Rule 11 "does not authorize sanctions for, among other things, discovery abuses or misstatements made to the Court during an oral presentation").

- 4 -

party may not serve a motion for Rule 11 sanctions after "judicial rejection of the offending contention"). This is because Rule 11's purpose of judicial efficiency is not served by the imposition of sanctions on questionable filings when those filings have already been disposed of on their merits. *See id.* This Court already determined that Plaintiff's complaint does not entitle him to relief, and has granted summary judgment in Defendant's favor. (*See* Doc. 50 at 18). Sanctions under Rule 11 are therefore inappropriate at this point in the litigation.[5] *See Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (declining to award sanctions because, at the time the Rule 11 motion was filed, "the offending complaint had long since been dismissed").

### B. Section 28 U.S.C. § 1927 Sanctions

Defendant also argues attorneys' fees sanctions are warranted under 28 U.S.C. § 1927. (Doc. 55 at 4–5). In pertinent part, 28 U.S.C § 1927 provides:

> Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

In order to impose sanctions under § 1927, the Court must make a finding that the sanctioned party "knowingly or recklessly raise[d] a frivolous argument, or argue[d] a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co.*, 78 F.3d 431, 436 (9th Cir. 1996). The Ninth Circuit has also explained that sanctions under § 1927 may be used only to sanction the multiplication of proceedings, not the initiation of proceedings. *Matter of Yagman*, 796 F.2d 1165, 1187 (9th Cir. 1986). The section "applies only to unnecessary filings and tactics once a lawsuit has begun." *Keegan*, 78

---

[5] This holding is consistent with the "safe harbor" provision of Rule 11(c)(2). This Rule protects a party against whom sanctions are sought by giving it the opportunity to withdraw its position or claim within 21 days of service. Fed. R. Civ. P. 11(c)(2). Defendant acknowledges that it could not comply with the 21-day safe harbor provisions, but argues this Court has the authority to issue sanctions under Rule 11 *sua sponte*. (*See* Doc. 55). The Court disagrees and declines to award Rule 11 sanctions in this case; such an award would defeat the very purpose of the Rule. *See Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (explaining that because the responding party was "not given the opportunity to respond to the [Rule 11] motion by withdrawing his claim . . . the purpose of the amendment was entirely defeated.").

1 F.3d at 436 (internal quotations omitted).

2 Defendant highlights several actions or inactions on the part of Counsel that it alleges are sanctionable under § 1927. First, Defendant points to three letters in which Defendant's attorney made "compromise offers" to Plaintiff. In September and October of 2012, Defendant offered to buy back Plaintiff's coins. (*See* Doc. 55 at 6). According to Defendant, Counsel never informed Plaintiff of any such offer. (*Id.*) But, even assuming this is true, the compromise offers were made in 2012, and the complaint was filed in 2014. (*See* Doc. 55 at 6–7). Accordingly, failing to inform Plaintiff of the potential for settlement is not conduct sanctionable under § 1927 because it occurred before the initiation of the suit. *See Keegan*, 78 F.3d at 436.

Defendant also cites a number of discovery abuses allegedly committed by Plaintiff, including failure to comply with this Court's Scheduling Order "except when under Defendant's threats of motion to compel." (Doc. 55 at 9). But sanctions for discovery abuses are not governed by § 1927; they are governed by the Federal Rules of Civil Procedure. *Matter of Yagman*, 796 F.2d 1165, 1187 (9th Cir. 1986) ("Sanctions for discovery abuses are governed primarily by . . . Rule 37" and "section 1927 is not appropriate for use in these circumstances"); *see also* Fed. R. Civ. P. 37(b) (outlining sanctions for failing to comply with a court order regarding discovery). This Court therefore declines to impose sanctions for any alleged discovery abuses.

Finally, Defendant argues sanctions are appropriate with respect to Plaintiff's failure to properly respond to Defendant's Motion for Summary Judgment. In its order granting summary judgment, this Court explained how Plaintiff's counsel failed entirely to comply with the requirements of Local Rule 56.1(b). (Doc. 50 at 5–7). As this Court noted in its summary judgment order, Counsel not only failed to comply with the local rules by filing a controverting statement of facts, but did so even after having been admonished for an identical rule violation in a parallel case. *See Philip Mann, et al. v. Swiss-America Trading Corp.*, No. CV-14-002552-PHX-ROS. (Doc. 50 at 7). The Court agrees with Defendant that Counsel's actions indicate a staggering lack of attention to

and compliance with this Court's directives. Nevertheless, they do not represent the type of conduct § 1927 was intended to prevent. The statute imposes sanctions for multiplying or prolonging the litigation. *See* 28 U.S.C. § 1927. In this case, Counsel's deficient filings had the opposite effect: his failure to comply with the Rules of Practice for the District substantially curtailed the action by compelling the entry of summary judgment against Counsel's client. (*See* Doc. 50 at 7). Accordingly, sanctions are not warranted under § 1927.

### C. Inherent Authority to Sanction

Finally, Defendant asks this Court to exercise its broad "inherent power" to impose sanctions on counsel who "willfully abuses judicial processes." *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980). Such a sanction must be supported by "something more" than a finding of recklessness; inherent power sanctions also require an attorney to act with an improper purpose or in bad faith. *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001).

In addition to the allegedly frivolous complaint and discovery failures, deficient responses, and failure to inform Plaintiff of compromise offers, Defendant's motion for sanctions emphasizes the fact that of five customer suits filed against Swiss-America in the last 20 years, four of them came from Counsel's firm. (Doc. 55 at 5). Defendant also emphasizes that Counsel's firm advertised specifically to clients who may have been dissatisfied with Swiss-America's investment products, and that Counsel has been sanctioned for similar conduct in recent cases. (Doc. 55 at 5, 10).

Despite Defendant's laundry list of complaints, the Court is not convinced that sanctions are warranted here. The fact that a complaint may be frivolous does not in and of itself establish that it was filed in bad faith. *See Blodgett*, 709 F.2d at 610. The Court must also be convinced that Counsel acted in "subjective bad faith." *Fink*, 239 F.3d at 993. Although Defendant has clearly shown Counsel's representation tactics fell below the quality of representation expected of an officer of this Court, Defendant has not shown that Counsel's actions were undertaken for the purpose of harassment. *See Estate*

- 7 -

*of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986) ("Bad faith is present when an attorney . . . argues a meritorious claim for the purpose of harassing an opponent."). And, the fact that other courts have determined Counsel acted in bad faith while litigating unrelated cases does not necessitate a conclusion that he did so here.

Attorneys' fees sanctions "should not be assessed lightly." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980). Although this Court does not condone Counsel's conduct, it is not convinced that it is appropriate here to exercise its inherent power to impose sanctions as a result of that conduct. Accordingly, Defendant's motion (Doc. 55) is denied.[6]

### D. Attorneys' Fees under Arizona Revised Statutes

Finally, Defendant requests an award of attorney fees and related nontaxable expenses under Arizona Revised Statutes ("A.R.S.") sections 12-341, 12-341.01(A) and Rule 54(d)(2). (Doc. 54). Under A.R.S. § 12-341.01(A), the Court may award "reasonable attorney fees" to the "successful party" in "any contested action arising out of a contract, express or implied." If the Court finds the party requesting fees is the "successful party," it has broad discretion in awarding reasonable attorneys' fees. *See Assoc. Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985).

The Court finds, and Plaintiff does not dispute, that Defendant is the successful party in this action. (*See* Doc. 62 at 2). Defendant is therefore entitled to an award of reasonable attorneys' fees under § 12-341.01(A). *See Rigoli v. 44 Monroe Marketing, L.L.C.*, 336 P.3d 745, 753 (Ariz. Ct. App. 2014) ("Because the parties agree that § 12-341.01(A) is applicable, we will apply the statute in favor of . . . the successful part[y].").

In accordance with Local Rule of Civil Procedure 54.2(c), Defendant filed a motion requesting attorneys' fees, as well as a task-based itemized statement of fees and expenses. Plaintiff responded, arguing that Defendant's requested fees were duplicative, excessive, and unreasonable. (Doc. 62 at 2–4). Plaintiff's response, however, offers no

---

[6] Because the Court rules in Plaintiff's favor on Defendant's motion for sanctions, it denies Plaintiff's motion for leave to file a sur-reply to Defendant's motion. (*See* Doc. 68).

- 8 -

1 specific explanation as to why Plaintiff's charges are unreasonable, nor does it
2 "separately identify each and every disputed time entry or expense item" such that the
3 Court can meaningfully consider the objections. *See* L.R.Civ.P. 54.2(f) (setting forth the
4 requirements for responding to requests for attorneys' fees). Because Plaintiff's response
5 fails to comply with the local rules, the Court deems Plaintiff's noncompliance as consent
6 to the granting of Plaintiff's motion for attorney fees and nontaxable expenses. *See*
7 L.R.Civ. 7.2(i) (explaining that if "counsel does not serve and file the required answering
8 memoranda . . . such non-compliance may be deemed a consent to the denial or granting
9 of the motion and the Court may dispose of the motion summarily.").

10 Defendant's motion for fees and costs requested $99,956.00 in attorneys' fees and
11 $497.18 in nontaxable costs. In Plaintiff's reply in support of its motion, Defendant
12 increased its fee request to include the attorney fees it incurred in filing and responding to
13 its motion for sanctions against Plaintiff's counsel. Because Defendant's motion for
14 sanctions was unsuccessful, the Court declines to award attorney fees incurred in arguing
15 it. *See, e.g.*, *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 407 (1990) (explaining that
16 the fees and expenses incurred by filing an action for Rule 11 sanctions are distinct from
17 and not caused by the initial filing). The Court therefore awards Defendant the amount of
18 fees and nontaxable costs originally requested in Defendant's motion.

19 **IV. Conclusion**
20 For the foregoing reasons,
21 **IT IS ORDERED** that Plaintiff's motion to alter or amend the judgment (Doc. 58)
22 is DENIED.
23 **IT IS FURTHER ORDERED** that Defendant's motion for sanctions (Doc. 55) is
24 DENIED. Accordingly, Plaintiff's motion for leave to file a sur-reply to the motion for
25 sanctions (Doc. 68) is also DENIED.
26 **IT IS FURTHER ORDERED** that Defendant's motion for attorney fees and
27 nontaxable expenses (Doc. 54) is GRANTED. Defendant is awarded $99,956.00 in fees
28 and $497.18 in nontaxable costs for a total award of $100,453.18.

1     Dated this 30th day of January, 2017.

James A. Teilborg
Senior United States District Judge